The opinion of the court was delivered by
Marr, J.
In April, 1866, Wheeler brought suit against Bartlett in the Second .Judicial District Court, for the parish of Jefferson, tore- *541 cover the amount of two promissory notes, payment of which had been assumed by Bartlett; and to enforce the vendor’s mortgage and privilege on property in Jefferson City by which they were secured.
On affidavit that Bartlett was absent from the State, and had left no known agent to represent him, a curator ad hoc was appointed, who ■answered to the merits, prefacing the general denial with the statement that he had been “ duly appointed curator ad hoc to represent the absent defendant herein, having been duly cited.” The case was tried : ■the demand was proven by two authentic acts, and the two promissory notes ; and judgment was rendered in favor of Wheeler against Bartlett in accordance with the prayer of the petition.
Before this judgment became final, counsel of Bartlett took a rule •on Wheeler to show cause why it should not be annulled and set aside on the grounds :
1st. That the said Wm. A. Bartlett, the defendant therein, was at the institution of this suit, and is at this time, a resident of the parish of Orleans and city of New Orleans, and was, and is entitled to be sued only in personal actions before the judge of the parish of his domicile.
2d. That being a non-resident of. the parish of Jefferson, at the institution of this suit, he is not bound by the proceedings herein, this •court being without jurisdiction in the premises for the reasons stated.
On the trial of this rule the counsel who represented Bartlett, and who was the only witness, testified as follows : • •
“ I know that Wm. A. Bartlett was domiciled in the parish of Orleans, in the city of New Orleans, and that he lived there for over fifteen or twenty years with his family. He was in business there up to the year 1862. In the spring- of 1862 he left New Orleans with his family, took them to Mississippi, afterwards returning himself to attend to some unfinished business; but since that time he has lived in Georgia, North and South Carolina, Alabama and Virginia.
‘•I know he has never acquired a domicile in the above named States ; that since the close of the war he returned to New Orleans for a few weeks, and while here, and since that time in letters to me, has expressed his intention of returning to the city of New Orleans and -of resuming his business.”
Cross-examined.
I know Mr. Bartlett to have been a resident of the city of New Orleans in the year 1862. Since the occupation of the city by the Federal troops he has been here but once to my knowledge, and remained here about three weeks.
“Mr. Bartlett has no agent in the city of New Orleans or in the State of Louisiana to my knowledge except myself for certain purposes, numerous ones, but not referring to this property.
*542 “ I think his last place of residence was on Felicity Road, near the corner of Camp street, previous to the occupation of the city by the Federal troops ; and his place of business was No. 81 Gravfer street. He is now in Tennessee, New York or Virginia.
“ He has not lived in New Orleans or the city since its occupation by the Federáis. He has not kept house in said city, nor carried on business since the occupation of it by the United States forces in 1862.”
This testimony was given on the 6th of June, 1866, and on the 16th June, after an elaborate opinion, the judge being satisfied that the judgment rendered contradictorily with the curator was “ valid and binding upon the absentee as far as it can be executed upon the property thus specially affected in favor of the creditor,” dismissed the rule ; and on the 21st Juno he signed the judgment rendered 28th May in favor of Wheeler against Bartlett.
No appeal was taken ; and no further opposition was made. Execution issued, and the mortgaged property was seized and sold by the sheriff, and was adjudicated and conveyed to Wheeler in September, 1866. In June, 1867, Wheeler sold it to Burthe and in August, 1867, Burthe sold it to E. J. Hart.
In November, 1869, Bartlett brought suit against Wheeler to have the judgment under which the property was sold annulled, and to recover the property and §500 damages. The alleged grounds of nullity are :
1st. Want of j urisdiction ; because of Bartlett’s domicile being in the city of New Orleans.
2d. That the curator ad hoc was not cited.
The case was transferred to the Sixth District Court of Orleans,, pursuant to the act of 1870, p. 105, section 5 ; and in November, 1872, a supplemental petition was filed making E. J. Hart a party. Hart set up several exceptions and pleas; and he also answered to the merits; calling his vendor, Burthe, in warranty. Wheeler also appeared and answered through the curator ad hoc appointed to represent him. Without stating the pleadings in detail, we shall proceed to consider such points as we think determinative of the cause.
' 1st. Bartlett was an absentee, in the sense of the law, and the court of the parish in which the property is situated had the power to appoint a curator ad hoc to 'represent him.
“ An absentee is a person who has resided in the State, and has departed without leaving any one to represent 'him.” R. O. C. art. 3556, No. 3.
He left New Orleans with his family in 1862; and up to June, 1866, his family had not returned, and he had been at New Orleans once only,, and remained about three weeks. He had no known agent in the State.. *543 The court within whose jurisdiction the property of the absentee is. situated, alone has the power to appoint a curator ad hoc to represent, him, and the judgment rendered contradictorily with the curator may be executed on that property. O’Hara vs. Connell, 29 An. 821.
The plaintiff must demand that a curator ad hoc be named to defend the suit, “ if the person intended to be sued be absent and not represented in the State.” O. P., art. 116.
2d. The sheriff’s return shows that he served on W. T. Scott, on the-11th April, 1866, a copy of the petition and order of the court appointing “ W. T. Scott, Esq., attorney-at-law, curator ad hoc to represent the-absent defendant, Wm. A. Bartlettand Scott’s answer, in his capacity as curator ad hoc, filed on the .18th May, acknowledges that he had been duly cited.
In Millaudon vs. Beasley, 2 An. 916, it was held that a curator ad' hoc could validly acknowledge, in writing, service of petition and citation ; and that such acknowledgment brought the defendant into court: and interrupted prescription.
3d. The motion to annul and set aside the judgment for want of' jurisdiction, because of defendant’s alleged domicile in New Orleans,, was an appearance, which made actual citation unnecessary, and cured the defect if there had been no citation. Dunbar vs. Owens, 10 Rob. 140; Succession of Penny, 11 An. 197.
4th. The question of jurisdiction was determined on that motion ; and the judgment is res adjudicata. That motion was an informal action-of nullity, to which Wheeler might have objected. He did not choose to do so, but tried the issue in that form. In Plicque vs. Perret, 19 La.* 328, the court said: “ No matter in what form of action or proceeding* whether by petition or exception, or intervention, the question may have been presented, if the same question, once judicially decided between the parties, be again agitated, it is sufficient to create the presumption, resulting from the thing adjudged, and forms a complete bar:” and in Prescott vs. Lane, 12 An. 198, the court said :
“It matters not that the proceeding by rule was irregular, since the-party against whom it was taken waived all questions of form, and joined issue on the merits, The form of procedure is immaterial; if proper parties join issue upon questions either of law or of fact, before-a competent court, they must abide by the decision.”
Wheeler did not except to the rule, but appeared, cross-examined the witness, and tried the case. This was an effectual waiver of the question of form: the issue of nullity for want of jurisdiction was finally disposed of on the questions of fact and of law, in this informal manner ; and the judgment is conclusive.
He who provokes a judicial decision in any form* cannot be heard *544 .afterwards to object to that form. At the time this suit was brought Bartlett had no power to controvert the validity of the judgment in favor of Wheeler; and it concludes him on all the questions upon which he relies.
The judgment appealed from is affirmed with costs.
Rehearing refused.